ECF No. 54

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TAMIRRA RANTON, <br><br>                                                         **Plaintiff,** <br><br> v. <br><br> QUEST DIAGNOSTICS, et al., <br><br>                                                         **Defendants.** | Civil No. 22-2636 (RMB/MJS) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the letter application of plaintiff Tamirra Ranton ("Plaintiff") seeking to compel the discovery of text messages exchanged between Donna McGlond and Elizabeth Rivera, Plaintiff's former supervisor and former coworker, respectively, during the time Plaintiff was employed by defendant Quest Diagnostics ("Defendant") [ECF No. 54]. Defendant represents that all relevant text messages have been produced, and to the extent that Plaintiff seeks additional disclosure, objects on the grounds that the request is overbroad, seeks irrelevant information, and imposes an undue burden upon non-parties' privacy interests [ECF No. 55 at 2-3]. Plaintiff now seeks to perform a forensic examination of McGlond's and Rivera's personal cell phones under Rule 37(e) as a sanction for McGlond's and Rivera's alleged failure to preserve electronically stored information [ECF No. 54 at 7]. The Court has received and reviewed Defendant's letter opposing the application [ECF No. 55], as well as Plaintiff's reply [ECF No. 56]. For the reasons set forth herein, Plaintiff's request for an order directing the forensic examination of McGlond's and Rivera's cell phones is **DENIED**.

Background

This dispute stems from a supplemental request for production served by Plaintiff on October 6, 2023, which sought "[a]ny and all text messages exchanged between Donna McGlond and Elizabeth Rivera from September 25, 2020 up to and including January 27, 2022." ECF No. 55-2. Plaintiff's supplemental request was based on her September 27, 2023 deposition testimony, in which she testified that on January 27, 2022, she personally observed text messages between McGlond and Rivera on Rivera's cell phone that discussed Plaintiff's medical conditions in a disparaging manner. ECF No. 54-1 at 172:4-18. According to Plaintiff, McGlond and Rivera were "talking about [Plaintiff], talking about [her] time off, talking about [her] callouts, talking about [her] different sicknesses, making jokes that [she was] not really sick, or that [she was] faking." Id. at 172:4-12. The messages also contained references to Plaintiff's request for leave to undergo surgery and her specific diagnoses, as well as jokes about Plaintiff's symptoms. Id. at 193:13-194:8.

Following Plaintiff's deposition, on October 6, 2023, Plaintiff served notices for depositions of McGlond, Rivera, and "Cissy,"[1] later identified by Defendant as Cassandra Moore. ECF No. 51 at 1. Plaintiff also served the supplemental request for production underlying this dispute. Id. On November 17, 2023, Defendant raised its objections to the request for production with the Court by letter after the parties were unable to reach an agreement as to the proper scope of production. Id. at 2. In its letter, Defendant represented that it responded to the request on January 27, 2023, by producing "all text messages relating and or referencing Plaintiff" sent during that time period. Id. To the extent Plaintiff sought additional text messages, Defendant argued that

---

[1] In her deposition testimony, Plaintiff named "Cissy" as another participant in McGlond's mocking of her medical conditions. ECF No. 54-1 at 175:14-24.

2

the request was "overly broad, unduly cumulative, irrelevant to any claim, not proportional to the needs of this case and improperly infringes on the privacy interests of non-parties." Id. Furthermore, Defendant represented that "extensive review of the text messages between Ms. Rivera and Ms. McGlond did not reveal any communications regarding Plaintiff, a co-worker calling out sick or the sickness of a co-worker that has not already been produced." Id. at 2-3.

Plaintiff filed a motion to compel production of the text messages on November 20, 2023. ECF No. 52. This Court issued an order terminating the motion on November 27, 2023, which order also directed counsel for Defendant to "personally review the text messages at issue and thereafter confer with Plaintiff's counsel" to determine "whether any additional text messages need to be produced." ECF No. 53. Defendant's review pursuant to this order uncovered four additional text messages that had not been included with Defendant's original production. ECF No. 55 at 3. Those messages were produced on December 8, 2023. Id. To date, none of the text messages produced by Defendant have mentioned Plaintiff's medical conditions. ECF Nos. 54, 55-5.

Plaintiff renewed her request to compel by letter application on December 15, 2023. ECF No. 54. Plaintiff's renewed request additionally seeks an order permitting her to conduct forensic examinations of McGlond's and Rivera's cell phones to recover all text messages responsive to the request for production. Id. at 7-8. Plaintiff maintains that she is entitled to discovery of the text messages because the timeframe is limited to the duration of Plaintiff's employment by Defendant, and the messages "are dispositive evidence of Plaintiff's claims against Defendant of disability discrimination, hostile work environment and constructive discharge." Id. at 4. Plaintiff further contends that her deposition testimony is sufficient to prove that the text messages existed at one time, and that Defendant's inability to locate them indicates that the material has either been improperly withheld or deleted from the cell phones. Id. at 5. Plaintiff argues that under either

3

circumstance, forensic examinations of McGlond's and Rivera's cell phones are the appropriate remedy for the prejudice resulting from the messages' absence. Id. at 7-10.

In response, Defendant reiterates that the request, as drafted, is overly broad, as "Plaintiff is only entitled to text messages between Ms. McGlond and Ms. Rivera which reference or discuss Plaintiff, which have already been produced in full." ECF No. 55 at 5. With respect to the request to conduct forensic examinations of McGlond's and Rivera's cell phones, Defendant represents that "numerous reviews of the text messages taken from the forensic copy of Ms. McGlond's phone" have failed to reveal any additional relevant material, which suggests that "the text messages that Plaintiff seeks simply do not exist." Id. at 6-7. As a result, forensic examinations would serve "little purpose beyond engaging in a fishing expedition to harass and embarrass [Defendant's] non-party employees." Id. at 7. Defendant maintains that absent any reason to doubt the completeness of Defendant's responses, the intrusion upon McGlond's and Rivera's privacy that the forensic examinations would impose is disproportionate to the needs of this case. Id.

Standard

Under Rule 26, parties are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Materials "need not be admissible in evidence to be discoverable." Id. "Indeed, courts construe relevancy broader at the discovery stage and more liberally in favor of disclosure." Columbus Life Ins. Co. v. Wilmington Tr., N.A., 344 F.R.D. 207, 215 (D.N.J. 2023). That said, "[a]lthough the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999). A discovery request may be denied if a court finds that, upon considering "'the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

4

the action, and the importance of the discovery in resolving the issues,'" it appears likely that "'the resulting benefits would be outweighed by the burden or expenses imposed as a consequence of the proposed discovery.'" Salamone v. Carter's Retail, Inc., Civ. No. 09-5856, 2011 WL 310701, at *10 (D.N.J. Jan. 28, 2011) (quoting Takacs v. Union County, Civ. No. 08-711, 2009 WL 3048471, at *1 (D.N.J. Sept. 23, 2009)).

A party seeking discovery may move to compel production or disclosure under Rule 37. Fed. R. Civ. P. 37(a). On such a motion, Plaintiff, "as the party seeking discovery, bears the initial 'burden of showing that the information sought is relevant to the subject matter of the action and may lead to admissible evidence.'" Hackensack Univ. Med. Ctr. v. Becerra, Civ. No. 21-12233, 2022 WL 3500418, at *3 (D.N.J. Aug. 18, 2022) (quoting Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000)). Once this burden has been met, Defendant, as the party resisting discovery, bears "the burden of clarifying, explaining and supporting its objections." Nestle Foods Corp. v. Aetna Cas. & Sur. Co., 135 F.R.D. 101, 104 (D.N.J. 1990). Therefore, to the extent that Plaintiff has demonstrated that the requests seek relevant information, it is Defendant's burden to show "specifically how" the request is "overly broad, burdensome or oppressive." Barnes Found. v. Township of Lower Merion, Civ. No. 96-372, 1996 WL 653114, at *3 (E.D. Pa. Nov. 1, 1996). "The mere statement by a party that a discovery request is 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." Baier v. Princeton Off. Park, L.P., Civ. No. 08-5296, 2018 WL 5253288, at *4 (D.N.J. Oct. 22, 2018) (quoting Barnes Found., 1996 WL 653114, at *2).

Discussion

As an initial matter, the Court notes that Plaintiff's request for production, as drafted, is overbroad, because it fails to state any subject matter limitation for the text messages sought. See

5

Campbell v. Sedgwick, Detert, Moran & Arnold, Civ. No. 11-0642, 2012 WL 12898345, at *3 (D.N.J. Oct. 9, 2012) ("[A] court may find discovery is overbroad based on lack of . . . subject matter limitations."); see also Lawson v. Love's Travel Stops & Country Stores, Inc., Civ. No. 1:17-CV-1266, 2020 WL 109654, at *1 (M.D. Pa. Jan. 9, 2020) ("We agree that no party would be entitled to all text messages contained on an opposing party's cellphones."). While "the question of relevancy is to be more loosely construed at the discovery stage," Rule 26(b)(1) limits the scope of discovery to matters "that bear[] on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Nestle Foods Corp., 135 F.R.D. at 104 (citing Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc., 92 F.R.D. 371, 375 (D.N.J. 1981)). The Court also notes that as non-parties to this action, McGlond and Rivera are entitled to heightened protections from unduly intrusive or burdensome discovery. See Stamy v. Packer, 138 F.R.D. 412, 419 (D.N.J. 1990) ("[T]he standards for nonparty discovery require a stronger showing of relevance than for simple party discovery.").

Plaintiff's request for production seeks every text message exchanged between McGlond and Rivera for the entire duration of Plaintiff's employment by Defendant. ECF No. 54 at 4 n.1. However, because the request contains no subject matter limitations, enforcing it would effectively require McGlond and Rivera to disclose all of their private conversations occurring through their personal devices over the course of a sixteen-month period, even if those conversations were wholly unrelated to Plaintiff or their employment by Defendant. The Court fails to see how such messages could be relevant to Plaintiff's claims, nor how an intrusion of that magnitude is otherwise called for in the context of this case. See Lawson, 2020 WL 109654, at *3-4 (denying request to discover text messages stored on company-owned cell phones possessed by defendant's employees in part because there was no guarantee that the devices contained relevant material and

6

"wholesale, far-reaching collection or disclosure of cellphone data could intrude upon the privacy interests of others"); see also Korotki v. Cooper Levenson, April, Niedelman & Wagenheim, P.A., Civ. No. 20-11050, 2022 WL 2191519, at *6 (D.N.J. June 17, 2022) ("Courts have also recognized that privacy interests may be taken into account when evaluating proportionality, particularly in the context of a request to inspect personal electronic devices."). Therefore, to the extent Plaintiff seeks to compel production of all text messages exchanged between McGlond and Rivera during the course of Plaintiff's employment by Defendant, that request is denied.

Even if Plaintiff's request for production were narrowed, however, Plaintiff has not shown that the forensic examinations she seeks are proportional to the needs of the case and an appropriate measure given the current record. Plaintiff argues that her "specific and compelling deposition testimony" describing the text messages establishes that they "indisputably existed" at the time she viewed them. ECF No. 54 at 5-6. Proceeding from that premise, Plaintiff reasons that because none of the messages produced mention Plaintiff's health or medical procedures, there must be additional material that Defendant has withheld. ECF No. 54 at 4. Given Defendant's consistent denial of possessing any other messages, Plaintiff contends that forensic examinations are permitted under Rule 26 because they would uncover highly relevant information and are the only means left to Plaintiff for discovery of the text messages. Id. at 9.

In the alternative, Plaintiff argues that even if Defendant has produced all responsive materials in its possession, forensic examinations are still appropriate because the absence of the described text messages suggests that they were improperly deleted. Id. at 6-8. Plaintiff argues that McGlond and Rivera, as employees of Defendant, had a duty to preserve the messages in anticipation of this litigation. Id. at 6. The alleged failure to do so, Plaintiff argues, has prejudiced her by depriving her of dispositive evidence in her favor. Id. at 8. Consequently, forensic

7

examinations of the cell phones to recover that evidence are the appropriate sanction under Rule 37(e). See Fed. R. Civ. P. 37(e).

"Generally speaking, courts have recognized the need to guard against undue intrusiveness and to be cautious in requiring the inspection of electronic devices, in order to protect privacy interests." Korotki, 2022 WL 2191519, at *5. Courts must be particularly cautious "where the request is overly broad and where the connection between the party's claims and the [electronic device] is vague and unproven." Id. at *6 (alteration in original) (quoting A.M. Castle & Co. v. Byrne, 123 F. Supp. 3d 895, 900 (S.D. Tex. 2015)). The need for caution is especially salient here, where the request threatens significant disclosure of private, irrelevant information by a non-party to the litigation. See Burgess v. Galloway, Civ. No. 20-6744, 2021 WL 2661290, at *3 (D.N.J. Jan. 28, 2021) ("[A] non-party to litigation is afforded greater protection from discovery than a party."); Korotki, 2022 WL 2191519, at *6 (denying request to inspect non-party's personal devices as "extraordinary and uniquely invasive" based on overbreadth, availability of information from other sources, and lack of specific showing that materials had been improperly withheld).

Applying these principles, the Court finds Plaintiff's arguments unavailing. First, to the extent that Plaintiff seeks the forensic examinations as a means to verify the completeness of Defendant's production, Plaintiff has given the Court no reason to believe, on the current record, that such oversight is warranted.[2] See Parker v. Atl. City Bd. of Educ., Civ. No. 15-8712, 2017

---

[2] Plaintiff asserts that her suspicions are supported by the piecemeal nature of Defendant's production and the complete absence of any messages discussing Plaintiff's medical conditions. Defendant's initial production appears to have included all text messages between McGlond and Rivera in which Plaintiff was mentioned by name or was a participant in the conversation. ECF No. 55-2. Defendant's supplemental production, which followed this Court's order directing further review [ECF No. 53], consisted of four text messages which either referenced Plaintiff by

WL 662979, at *3 (D.N.J. Feb. 17, 2017) (declining to "police" the parties' document production where "no party has given the Court reason to believe they will not produce relevant and non-privileged responsive documents"). "It is fundamental to our litigation system that parties rely on each other's good faith and professional responsibilities to comply with the Rules of Civil Procedure." Id. Absent good cause to suspect otherwise, "parties have to rely on the good faith and integrity of opposing counsel to do what they are supposed to do." Id. at *4. Notably, "[a] forensic ESI exam is an extraordinary remedy that is required '[o]nly if the moving party can actually prove that the responding party has concealed information or lacks the expertise necessary to search and retrieve all relevant data.'" Alipourian-Frascogna v. Airways, No. 21 C 0001, 2023 WL 5934897, at *5 (N.D. Ill. Sept. 12, 2023) (second alteration in original) (quoting Mirbeau of Geneva Lake LLC v. City of Lake Geneva, No. 08-CV-693, 2009 WL 3347101, at *1 (E.D. Wis. Oct. 15, 2009)). "'"Mere suspicion" or speculation that an opposing party may be withholding discoverable information is insufficient to support an "intrusive examination" of the opposing party's electronic devices or information systems.'" Lawson, 2020 WL 109654, at *4 (quoting Hespe v. City of Chicago, No. 13 C 7998, 2016 WL 7240754, at *4 (N.D. Ill. Dec. 15, 2016)).

Here, Plaintiff has testified generally to the existence of these text messages in her deposition testimony. ECF No. 54-1 at 172:4-18. However, on this record, the Court does not find that this testimony alone warrants the significant sanction that Plaintiff seeks, particularly because it doesn't appear that these two non-party witnesses, or anyone else besides Plaintiff, were deposed on the issue; expanded search terms have not been utilized to obtain information despite

---

the pronoun "she" or by a misspelling of her first name. ECF No. 55 at 3. Under these circumstances, the Court finds no basis to suspect that relevant material was or has been withheld in bad faith.

Defendant's willingness to do so; and Defendant's counsel has represented that counsel has personally reviewed the messages and produced responsive material. Compare Tingle v. Herbert, Civ. No. 15-626, 2018 WL 1726667, at *7 (M.D. La. Apr. 10, 2018) (declining to order a forensic examination where plaintiff did not produce communications that counsel previously stated plaintiff possessed and Plaintiff did not produce Facebook messages he exchanged with a witness until after such messages had been produced by the witness), with Measured Wealth Priv. Client Grp. v. Foster, Civ. No. 20-cv-80148, 2021 WL 309033 (S.D. Fla. Jan. 29, 2021) (permitting forensic search of defendant's cell phone for text messages during a four-month period where defendant admitted that the messages had been deleted, the cell phone to be searched was the same device that defendant had used during the relevant time period, and the defendant's prior conduct gave cause to suspect incomplete production). Simply put, the record in this case does not support the remedy requested. See Johns v. Chemtech Servs., Inc., Civ. No. 20-7299, 2021 WL 4498651, at *1 (N.D. Ill. Aug. 27, 2021) ("Courts around the country have dealt with this type of forensic examination request before in civil matters, and the decisions generally suggest that such an examination will be compelled only in extraordinary circumstances.").

Nevertheless, while the Court declines to order the requested forensic examinations on this record, the Court recognizes that McGlond and Rivera are alleged to be central characters in the creation of the alleged hostile work environment. The complaint alleges that "Plaintiff's manager talked and joked about Plaintiff's medical condition[s] with co-workers," which "created an openly harassing and hostile work environment"; that "Defendant and/or its upper level managers created a hostile work environment for . . . Plaintiff by engaging in severe and/or pervasive harassment of her"; and that "[t]he upper level managers of Defendant knew or should have known about the discrimination . . . and rather than stop it, allowed it to happen and participated in it." ECF No. 1-

10

1 ¶¶ 9, 24-25. The complaint also alleges that "Plaintiff's manager would openly talk badly about her at the worksite with Plaintiff's co-workers." Id. ¶ 18. In her deposition testimony, Plaintiff identified McGlond as the manager referenced in the complaint, and Rivera as the co-worker. ECF No. 54-1 at 165:7-16. Thus, if they exist and are located, the text messages sought would be highly relevant to Plaintiff's claims and would be important evidence in supporting her allegations.

Given the apparent importance of the text messages sought, the Court finds that Defendant's search, which was apparently limited to messages that specifically mentioned Plaintiff (either by name or by reference) or to which Plaintiff was a party, may have been overly restrictive. Plaintiff testified that some of the text messages she saw mentioned her by name, but she did not indicate that every message did so. Id. at 172:24-173:6, 174:12-23, 193:17-12. In that regard, it is plausible that an expanded search will reveal additional relevant messages that have not yet been produced. To that end, pursuant to the Court's authority "to determine what is discoverable, the terms of the discovery and limitations on discovery," Parker, 2017 WL 662979, at *3, the Court will direct counsel for Defendant to conduct a final review of the text messages for relevant material. To facilitate the review, Plaintiff's counsel shall provide defense counsel with search terms that have specific basis in Plaintiff's deposition testimony and/or the claims in the complaint. Counsel for Defendant shall conduct the search using the terms provided by Plaintiff's counsel and produce all responsive text messages, if any. Upon completing the search, Defendant shall certify the completeness of its response to this request, at which time Defendant's response shall be deemed sufficient.[3] Plaintiff is also free to explore the issue further with these witnesses at a

---

[3] The Court reiterates that there is nothing in this record to cause suspicion that Defendant has thus far failed to act in good faith. Nevertheless, the Court reminds the parties that sanctions may follow

11

deposition or through other normal channels of discovery, and to present any renewed application to the Court should circumstances change. However, on this record, the Court declines Plaintiff's invitation to impose the significant sanction of ordering a forensic analysis on the cell phones of these two non-party witnesses. Such a sanction would not be proportional with the record developed to date.

    Consistent with this Memorandum Opinion and Order, the parties should meet and confer and submit a proposed schedule to complete pretrial factual discovery, expert disclosures and depositions, and dispositive motions within 10 days of this Order. A telephone status conference will be scheduled in approximately 30 days in a separate text order.

                                                                 So Ordered:

                                                                 s/Matthew J. Skahill
                                                                 MATTHEW J. SKAHILL
                                                                 United States Magistrate Judge

---

if, in the future, it is found that responsive material was improperly withheld. See Younes v. 7-Eleven, Inc., 312 F.R.D. 692, 708-09 (D.N.J. 2015) (noting that sanctions may flow from even inadvertent discovery violations).